UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– v. –<br><br>LEIBYS MERCEDES,<br>      a/k/a "Celly,"<br><br>            Defendants. | 17 Cr. 419 (KMK) |

**THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
SUPERSEDING INDICTMENT**

                                                    GEOFFREY S. BERMAN
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    300 Quarropas Street
                                                    White Plains, New York 10601

Samuel L. Raymond
Daniel Loss
Michael D. Maimin
Assistant United States Attorneys
 *- Of Counsel -*

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Preliminary Statement | | 1 |
| II. | Background | | 1 |
| III. | Argument | | 5 |
| | A. | The S2 Indictment Should Not Be Dismissed | 5 |
| | | 1. The S2 Indictment Need Not Allege Any Overt Acts | 5 |
| | | 2. The Mere Fact That the Grand Jury Issued a Superseding Indictment Is Not a Reason to Dismiss the Superseding Indictment | 7 |
| | | 3. There Is No Speedy Trial Act Violation | 9 |
| | B. | There is No Basis to Order Additional Discovery | 10 |
| IV. | Conclusion | | 11 |

**I.      Preliminary Statement**

The Government respectfully submits this opposition to the motion filed by defendant Leibys Mercedes, a/k/a "Celly," to strike the recently returned superseding indictment, S2 17 Cr. 419 (KMK), or in the alternative grant additional discovery (the "Motion"). There is no basis to strike the superseding indictment or to grant additional discovery, and the Court should swiftly reject the Motion.

**II.     Background**

On June 29, 2017, a grand jury in this District returned indictment 17 Cr. 419 (KMK), which charged that, from at least in or about February 2017 up to and including in or about June 2017, Mercedes, Christopher Coleman, a/k/a "Fox," Jonathan Acquino, a/k/a "Gotti," and two others participated in a conspiracy to distribute and possess with the intent to distribute one hundred grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (the "First Indictment"). In spite of the fact that the Government need neither allege nor prove an overt act in furtherance of a Section 846 narcotics conspiracy, *see United States v. Shabani*, 513 U.S. 10, 15 (1994), the First Indictment alleged four overt acts, two naming Mercedes. (First Indictment ¶¶ 4(b), (c)). Mercedes, Coleman, Acquino, and one of the other co-conspirators were arrested on the First Indictment on July 6, 2017. Acquino was arrested at an apartment in Yonkers, along with a certain quantity of heroin.

On February 1, 2018, this Court scheduled Mercedes's trial for June 4, 2018.[1] (Docket Entry 41). On or about May 17, 2018, this Court adjourned the trial date by one week to June 11,

---

[1] Mercedes's co-defendants have all pleaded guilty.

2018.  On May 25, 2018, approximately two weeks before trial, Attorney Chukwuemeka Nwokoro entered a notice of appearance on behalf of Mercedes.  (Docket Entry 79).  Four days later, on May 29, 2018, the parties appeared before the Court, where the Court declined to adjourn the trial; accordingly, Mr. Nwokoro indicated that he would not proceed as counsel for Mercedes.  Less than a week later, on June 4, 2018, Mr. Nwokoro wrote to the Court, asking to be substituted as Mercedes's counsel and for the Court to adjourn the trial.  (Docket Entry 86).  That same day, a grand jury in this District returned superseding indictment S1 17 Cr. 419 (KMK), charging Mercedes in one count with participating, from at least in or about January 2017 up to and including in or about July 2017, in a conspiracy to distribute and possess with intent to distribute one hundred grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 846 (the "S1 Indictment").  (Docket Entry 87).  In other words, the S1 Indictment—which did not allege an overt act—simply extended the time-frame of the conspiracy charged in the First Indictment.

The following day, Mercedes moved to dismiss the S1 Indictment, or, in the alternative, adjourn the trial, arguing:

> This Superseding Indictment is not based on any newly discover[ed] evidence, or the recent turning of [a] co-defendant or a change in the law.  It, instead, recasts facts known since at least the date of the initial Indictment to expand the dates of the conspiracy all to the unjustifiable detriment of the defendant and his defense.

(Docket Entry 89, at 2).  That same day, June 5, 2018, the parties appeared before the Court and the Court arraigned Mercedes on the S1 Indictment.  The Court also denied Mercedes's motion, explaining that there was no basis to dismiss the S1 Indictment or to grant a continuance based on the filing of the S1 Indictment.  However, the Court allowed Mercedes to change counsel, and

granted a continuance to allow Mr. Nwokoro to prepare for trial, which the Court set for October 22, 2018. (Docket Entry 92). Since that time, Mercedes has not moved through counsel to dismiss the S1 Indictment or raised any concerns about the S1 Indictment with the Government.[2]

During preparation for trial, the Government noticed two inadvertent errors during the June 4, 2018, grand jury presentation, namely, that a witness, DEA Task Force Officer Sean Fogarty, incorrectly testified that

> (1)   the heroin found in the apartment where Acquino was arrested had a red ladybug stamp on it; and
>
> (2)   a person who had witnessed Coleman's drug dealing (the "Witness") told law enforcement officers that the Witness saw Coleman grind heroin and saw Coleman mixing heroin with fentanyl and Oxycontin.

These incorrect statements were immaterial, particularly in light of the overwhelming weight of the evidence in this case. In an abundance of caution, however, the Government decided to present the case to the same grand jury again without the two incorrect statements. On September 26, 2018, following the Government's re-presentation of the case to the grand jury, the grand jury returned superseding indictment S2 17 Cr. 419 (KMK) (the "S2 Indictment"), which was identical in every way (other than the indictment number and the date on which it was returned) to the S1 Indictment. (Docket Entry 122).

---

[2] Mercedes has filed a number of meritless *pro se* motions. (Docket Entries 93–94, 103–04). However, Mercedes is represented by counsel, and he is not entitled to hybrid representation. *See United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (because a defendant must waive the right to counsel before exercising the right to self-representation, it follows that there is no right to hybrid representation). Mercedes has not sought, and this Court has not granted, hybrid representation. *See id.* (the "decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court.").

The following morning, the Government contacted Mr. Nwokoro, both by phone and letter (the "Letter").[3] In the Letter, the Government explained what had happened, disclosed the testimonial errors, and noted that "[t]he superseding indictment is wholly identical to the prior indictment, S1 17 Cr. 419." (Letter at 1). Mr. Nwokoro responded by e-mail (the "Nwokoro E-mail") the following day,[4] stating:

> I am at a disadvantage here because the Superseding Indictment does not contain a description of the overt acts on which it is based therefore making it difficult for me to ascertain whether it is the same indictment, as you claim, or based on different facts, as the new testimony of Sean Fogarty, and new warrant for cell site information, would suggest.
>
> In order to assist me in this regard, can you promptly disclose Sean Fogarty's grand jury testimony on or about June 4, 2018, and his grand jury testimony on or about September 26, 2018, as well as his original grand jury testimony?
>
> Defendant will move to dismiss the new superseding indictment or in the alternative for discovery on the facts on which it is based, prior to trial. I ask that you hold off defendant's arraignment on the new indictment until the motion is decided.

(Nwokoro E-mail). Hours later, the Government responded by e-mail (the "Responsive E-mail"),[5] explaining, among other things, that "the S2 Indictment is word-for-word, the same as the S1 Indictment," and Mr. Nwokoro had never evinced concerns about the S1 Indictment, and that the

---

[3] A copy of the Letter is attached as Exhibit A.

[4] A copy of the Nwokoro E-mail is attached as Exhibit B.

[5] A copy of the Responsive E-mail is attached as Exhibit C.

Government had already produced all discovery within its possession as well as trial exhibits on multiple occasions. (Responsive E-mail).

That same day, Mercedes moved to dismiss the S2 Indictment, or for additional discovery. (Docket Entries 125, 127) (the "Motion").

**III.    Argument**

Mercedes makes three arguments for the dismissal of the S2 Indictment: (1) it "does not describe any overt acts made in furtherance of the conspiracy and therefore fails to charge the crime with sufficient precision to inform the defendant of the charge with enough detail that he may plead double jeopardy in a future prosecution based on the same set of facts" (Motion 4)[6]; (2) "it is based on new testimony" and "the charge [may] rel[y] on different evidence or materially broaden[] the charges made in the original indictment" (Motion 4–5); and (3) it requires new discovery which would force a continuance which somehow violates the Speedy Trial Act (Motion 5). In the alternative, Mercedes demands discovery on any new facts. (Motion 5). Each argument is meritless.

**A.    The S2 Indictment Should Not Be Dismissed**

Mercedes' arguments in favor of dismissal are each foreclosed by black-letter law.

**1.    The S2 Indictment Need Not Allege Any Overt Acts**

Mercedes first argues that the S2 Indictment should be dismissed for its failure to describe an overt act. (Motion 5). But it has been the law for well over three decades that, in a prosecution

---

[6] The Motion does not contain page numbers; this memorandum therefore refers to the electronic page numbers assigned by PACER.

under 21 U.S.C. § 846, the Government need not prove, and the grand jury need not charge, *any* overt act in order to convict a conspirator. *Shabani*, 513 U.S. at 15. Mercedes cites no cases to the contrary, nor could he.

Mercedes also argues that, by failing to allege overt acts, the S2 Indictment is not pleaded with sufficient precision. (Motion 4). But the failure to allege overt acts does not render the indictment imprecise. "A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000). Little more is required. *See* Fed. R. Crim. P. 7(c)(1) (describing indictment as a "concise . . . statement of the essential facts."). Mercedes is correct that "an indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Bout*, 731 F.3d 233, 240–41 (2d Cir. 2013) (internal quotation marks and alteration omitted). However, the Second Circuit has "consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *Id.* at 240 (internal quotation marks and emphasis omitted). Here, the S2 Indictment does exactly what the law requires: it "tracks the language of the statute charged and stated the time and place (in approximately terms) of the alleged crime." *Id.* Mercedes does not explain how this is insufficient, other than by mere *ipse dixit*. Rather, he cites, without explanation, two related case: *United States v. Sattar*, 314 F. Supp. 2d 279 (S.D.N.Y. 2004) and the Second Circuit case affirming the conviction of the *Sattar* defendants, *United States v. Stewart*, 579 F.3d 93 (2d Cir. 2009). (Motion 4). These cases do not help Mercedes. To the contrary, in *Sattar*, the defendant argued that a count was defective because it charged the

6

defendant with conspiring to "murder and kidnap persons in a foreign country" without identifying those persons or the foreign country. *Sattar*, 314 F. Supp. 2d at 303. Judge Koeltl found that the underlying statute did not require such identification. *Id.* at 304. Accordingly, "[b]y tracking the language of [the statute], Count Two satisfies the well-established pleading requirements of this Circuit." *Id. Stewart* did not hold otherwise; indeed, the issue was not raised in *Stewart* at all.

Finally, as a practical matter, Mercedes's complaint is odd in light of the fact that Mercedes was arraigned on the S1 Indictment—which is identical to the S2 Indictment—four months ago, and never raised any concern about the lack of overt acts in the S1 Indictment. To the contrary, the Motion implies that Mercedes was ready, willing and able to proceed to trial on the S1 Indictment. (Motion 5 (indicating that the only reason for seeking a continuance is the desire for additional discovery)).

### 2. The Mere Fact That the Grand Jury Issued a Superseding Indictment Is Not a Reason to Dismiss the Superseding Indictment

Mercedes next argues that the S2 Indictment "appears to be based on new testimony," and the S2 Indictment should be dismissed because it is "difficult for the defendant to determine just how material is the change in testimony." (Motion 4–5). Of course, it stands to reason that most superseding indictments are based on new testimony.[7] Indictments need not be dismissed because they are based on new testimony; if that were the law—and Mercedes cites no law for that proposition—most superseding indictments would be *per se* defective. Moreover, Mercedes is not

---

[7] Occasionally, grand juries return superseding indictments to correct typographical errors, conform to changes in the law, or tailor the superseding indictment to remaining defendants after other defendants have pleaded guilty. These often do not require new testimony. That is irrelevant here.

7

defending himself against the testimony in the grand jury; he is defending himself against the testimony and evidence offered before this Court at trial.

Additionally, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Dismissal of an indictment "is justified only in extreme cases" involving serious prosecutorial misconduct, such as "when a prosecutor knowingly withholds from the grand jury substantial evidence negating guilt . . . when the grand jury is misled or misinformed[] by the government . . . or when the history of prosecutorial misconduct is so systematic and pervasive as to raise a substantial doubt and serious question about the fundamental fairness of the process." *United States v. Montoya-Echeverria*, 896 F. Supp. 148, 150–51 (S.D.N.Y. 1995) (internal quotation marks and citations omitted). Here, there is no allegation of Government misconduct, and there could be no such good-faith allegation. Indeed, to the contrary, when the Government realized that there was an error in front of the grand jury, it acted to correct that error. Where, as here, there is no "serious claim . . . of bad faith or dilatory motive on the part of the Government," the Second Circuit has "never held that an indictment should be dismissed" merely because it was returned shortly before trial. *United States v. Guang Ju Lin*, 505 F. App'x 10, 12 (2d Cir. 2012).

Finally, Mercedes argues that "the court should consider whether the charge relies on different evidence or materially broadens the charges made in the original indictment. (Motion 5 (citing *United States v. Rutkoske*, 394 F. Supp. 2d 641, 646 (S.D.N.Y. 2005). However, again, the S2 Indictment is literally identical to the S1 Indictment, and Mercedes need only defend against the allegations in that indictment. *Rutkoske* is wholly inapposite. In *Rutkoske*, an indictment

8

alleged a single act within the applicable statute of limitations. 394 F. Supp. 2d at 644. When it turned out that that act had occurred days earlier than alleged, which would have placed it outside of the statute of limitations, the grand jury returned a superseding indictment, alleging new acts within the statute of limitations. *Id.* at 644–45. Because the superseding indictment was returned outside of the applicable statute of limitations, the district court had to determine whether the superseding indictment related back to the earlier indictment, which would toll the statute of limitations. *Id.* at 645–46. Judge Casey determined that it did relate back, and allowed the Government to proceed on the superseding indictment. *Id.* at 646. Of course, here, the S2 Indictment is *identical* to the S1 Indictment, and all the indictments are timely. Accordingly, the unique—and particularly fact-specific—issues addressed in *Rutkoske* have nothing to do with the S2 Indictment.

### 3. There Is No Speedy Trial Act Violation

Mercedes argues that the S2 Indictment should be dismissed because allowing it to stand would amount to a violation of the Speedy Trial Act, which, according to him, provides that his trial cannot "commence less than thirty days from the date on which the defendant first appears." (Motion 5). The Court has already rejected this argument with regard to the S1 Indictment on June 5, 2018, when it recognized that the S1 Indictment merely extended the date range of the charged conspiracy, and therefore provided no basis on its own for a continuance. Here, that reasoning is even stronger, as there is no change whatsoever between the S1 Indictment and the S2 Indictment. *See*, *e.g.*, *United States v. McGee*, 564 F.3d 136, 142 (2d Cir. 2009) (holding that when "[t]he only change made by the superseding indictment was to expand the time frame of the alleged" conspiracy, there is no basis for an adjournment, and that the Supreme Court's decision in *United*

*States v. Rojas-Contreras*, 474 U.S. 231 (1985) forecloses any argument that a court must categorically grant a thirty day continuance under 18 U.S.C. § 3161(c)(2)).

Additionally, Mercedes argues that he would need a substantial adjournment which would necessarily violate the Speedy Trial Act in order to receive and review new discovery. (Motion 5). Putting aside the chutzpah in this argument—this Court wanted to try the case four months ago, and only adjourned grudgingly because of Mercedes's repeated efforts—it is specious. The S2 Indictment is identical to the S1 Indictment. The Government has provided Mercedes with all the Rule 16 discovery currently in its possession.[8] There is no new discovery to be had, and Mercedes has given no reason for an adjournment of trial, much less one that he would need but for which an exclusion of time under the Speedy Trial Act would be inappropriate. Indeed, for this reason, this part of the motion is premature: Mercedes cannot move to dismiss the S2 Indictment on the basis of a violation of the Speedy Trial Act's 70-day rule before the 70 days have run.

### B. There is No Basis to Order Additional Discovery

Mercedes moves in the alternative for additional discovery. It is unclear precisely what discovery he seeks: whether that is limited to the grand jury transcripts from June 4, 2018, or whether instead "discovery on the new facts upon which [the superseding indictment] appears to be based." (Motion 5).

As to the grand jury transcripts, grand jury proceedings are afforded a "presumption of regularity." *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998); *see also, e.g., United States*

---

[8] As with every case, if, in preparing for trial, the Government obtains additional materials that are discoverable under Rule 16, it will disclose them expeditiously.

10

*v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring); *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). It is well-established that "[a] review of grand jury minutes should not be permitted without concrete allegations of Government misconduct." *Leung*, 40 F.3d at 582. As described above, there is no allegation of Government misconduct, and there could be no such good-faith allegation, given the Government's diligent correction of the incorrect testimony.

The Government provided Mercedes discovery pursuant to Rule 16 last year (and on a rolling basis as to any other material the Government sought or obtained). The Government disclosed its trial exhibits before Mercedes's scheduled June trial. The Government disclosed its trial exhibits for the new trial date on September 7, 2018, promptly supplementing that disclosure as it obtained or generated new exhibits. The Government is disclosing witness statements pursuant to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500 today, pursuant to the Court's scheduling order. There is no "new" discovery to provide to Mercedes.

**IV.   Conclusion**

For the foregoing reasons, the Court should deny Mercedes' motion and set a date to arraign Mercedes on the S2 Indictment.

Dated: White Plains, New York
       October 5, 2018

                                        Respectfully submitted,
                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

                                By:     /s Samuel L. Raymond
                                        Samuel L. Raymond
                                        Daniel Loss
                                        Michael D. Maimin
                                        Assistant United States Attorneys
                                        (914) 993-1946 / 1952