LAW OFFICE OF
# BRUNO V. GIOFFRE, JR., PLLC
2 WESTCHESTER PARK DRIVE, SUITE 205
WHITE PLAINS, NEW YORK 10604

BRUNO V. GIOFFRE, JR.
ADMITTED IN NY, CT & FL

(914) 481-8900
FAX (914) 481-8905

32 FIELDPOINT ROAD
GREENWICH, CT 06830

bruno@bgioffrelaw.com
www.bgioffrelaw.com

May 14, 2020

**VIA ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

Re:   USA v. James Odell Whitted - Docket No. 17-CR-419 (KMK)
      Letter Motion to Renew Prior Motion for Release

Dear Judge Karas:

    As the Court is aware, The Law Office of Bruno V. Gioffre, Jr., PLLC represents Defendant James Odell Whitted in the above referenced matter. Pursuant to the Court's Order entered on April 24, 2020, denying without prejudice, the defendant's motion to reduce his sentence (ECF Doc Nos. 218-221), we submit the Bureau of Prison's ("BOP") denial letter dated May 5, 2020 (Exhibit A attached). It should be noted that the government argued in its opposition papers that officials at FCI Danbury denied ever receiving Mr. Whitted's March 19, 2020 email request for compassionate release based on Covid-19 concerns. However, we hereby submit written confirmation that said email request was in fact sent to the warden on March 19, 2020 (Exhibit B attached). Accordingly, Mr. Whitten has exhausted his administrative remedies and seeks judicial intervention.

    Furthermore, the May 5, 2020 denial letter did not state that Mr. Whitted didn't meet the criteria in terms of his health issues. He was deemed ineligible by BOP due to having only served 27.6% of his sentence and having more than 18 months remaining on his sentence. As argued in our motion papers, BOP has recently changed its policy and now allows for home confinement for inmates who haven't yet served half their sentence. *See Politico.com Article, attached as Exhibit C of Gioffre Memorandum of Law.*

    Turning to the merits, while it is true that Mr. Whitted hasn't had any ICU admissions for asthma since incarcerated, Mr. Whitted has had asthma his whole life and was prescribed an Albuterol Inhaler by Danbury FCI as early as March 3, 2020 and directed to only use as needed (Exhibit C attached). In addition, Mr. Whitted has been repeatedly complaining of breathing and chest issues since March 3, 2020 (Exhibit D attached).

    As we all know, Covid-19 can cause pneumonia which can cause shortness of breath and as the pneumonia progresses, fluid can get into the lungs which can lead to acute respiratory distress

LAW OFFICE OF
# Bruno V. Gioffre, Jr., PLLC

syndrome (ARDS), a form of lung failure. Patients with ARDS are often unable to breath on their own and may require a ventilator. Whether it occurs at home or at a hospital, ARDS can be fatal. *See What Coronavirus Does to the Lungs*, published in Hopkinsmedicine.org, attached as Exhibit E.

It is clear that if Mr. Whitted, who does suffer from asthma and breathing issues, ever contracted Covid-19, his life would be in jeopardy. With respect to his pre-diabetes and obesity, the government argues that these health issues can simply be mitigated with a proper diet. However, due to the lack of medical attention and proper rehabilitation program for Mr. Whitted's injuries, BOP's conditions have contributed to Mr. Whitted's physical health issues.

In addition, please consider the recent ruling in a class action lawsuit against FCI Danbury, where Judge Michael P. Shea found that FCI Danbury is experiencing an active COVID-19 outbreak – "one of the worst in the federal prison system" (Exhibit F, p. 58 attached). Judge Shea found that the inmates at FCI Danbury have demonstrated a likelihood of success on the merits on their claim that they are "incarcerated under conditions posing a substantial risk of serious harm." *Id. at p. 45*. Judge Shea also found that "by failing to make meaningful use of her home confinement authority, the Warden has failed to implement what appears to be the sole measure capable of adequately protecting vulnerable inmates – a measure the Attorney General directed the BOP to implement immediately and with dispatch – in favor of measures that, even if they were fully painstakingly implemented, would still leave vulnerable inmates subject to a grave risk to their health. *Id. at p. 50*. Accordingly, the conditions at FCI Danbury clearly put Mr. Whitted at a higher risk of contracting the virus than if he were in home confinement with his family.

We submit that health conditions also place him at a higher risk for developing serious complications should he be exposed to COVID-19 while at FCI Danbury or a halfway house, and would substantially diminish his ability to provide self-care within those environments and therefore he should be released to home confinement.

We thank you for your consideration.

Application for compassionate release under 18 U.S.C. Section 3582 is denied. Mr. Whitted does not present as many high-risk factors as he asserts. He is pre-diabetic, not diabetic, and while asthma is a risk factor, it is not in the top 10 risk factors in New York. And, while Mr. Whitted may be overweight, that is only among many factors that add risk, none of which Mr. Whitted has. On the flip side, Mr. Whitted's criminal history and his conduct in this case demonstrate that his early release would be of great risk to the public. He sold narcotics knowing full well that what he sold in particular was exceptionally dangerous. Moreover, while Danbury has had it share of challenges, they do not rise to the level of making Mr. Whitted's an extraordinary or compelling case for early release, especially given how much time is left on his sentence.

Very truly yours,

Law Office of Bruno V. Gioffre, Jr., PLLC

Bruno V. Gioffre, Jr., Esq.

So Ordered.   Cc:   AUSAS Samuel L. Raymond / Celia V. Cohen (via ecf)

5/21/20